UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GERALD G.,

             Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

---

19-CV-1381-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 16)

Plaintiff Gerald G.[1] ("plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion (Dkt. No. 10) is denied and defendant's motion (Dkt. No. 14) is granted.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff received SSI benefits based on a finding of disability as a child. (Tr. 20)[3] When he turned 18, the law required redetermination of his eligibility for these benefits. See 42 U.S.C. § 1614(a)(3)(H). On June 20, 2012, the agency determined that plaintiff was no longer disabled, and that decision was upheld upon reconsideration by a State agency Disability Hearing Officer. (Tr. 20) The agency's redetermination decision was affirmed following a hearing before an Administrative Law Judge ("ALJ") on September 20, 2013. (Tr. 20-27)

This Court (Hon. William M. Skretny, D.J.) subsequently remanded the ALJ's decision for further consideration on August 9, 2017. (Tr. 582-93; see W.D.N.Y. Case No. 15-CV-105) Following remand, the ALJ held another administrative hearing on April 17, 2019, during which plaintiff and a vocational expert ("VE") testified. (Tr. 521-52) On June 11, 2019, the ALJ again found that plaintiff's disability ended on June 21, 2012, and he had not become disabled again since that date. (Tr. 499-513)

Plaintiff now brings this action challenging the ALJ's decision. (Dkt. No. 1)

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such

---

[2] The Court presumes the parties' familiarity with the case.

[3] References to "Tr." are to the administrative record in this case. (Dkt. No. 4)

2

relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (*quoting Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §423(d)(2)(A). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (*quoting Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §404.1520(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §404.1520(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has

4

a "severe impairment." *Id.* §404.1520(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §404.1520(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §404.1520(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §404.1545(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §404.1520(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work,

then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §404.1520(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries their burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.  *The ALJ's Decision*

After reviewing the record, the ALJ made the following findings of fact and conclusions of law: (1) plaintiff attained age 18 on December 6, 2011, and was notified that he was found no longer disabled as of June 21, 2012, based on a redetermination of disability; (2) since June 21, 2012, plaintiff had the severe impairments of juvenile rheumatoid arthritis ("JRA"), anxiety, and depression; (3) plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings; (4) plaintiff had the RFC to perform light work as defined in 20 C.F.R. 416.967(b) with the additional limitations of occasional crawling, kneeling, and climbing ropes, ladders, or scaffolds; occasional interacting with the public; no limitation when interacting with coworkers or supervisors; frequent fingering and handling; and occasional exposure to extreme cold; and (5) based on the RFC and the testimony of the VE, plaintiff could perform work in the national economy such as stock checker, mail room clerk, and small products assembler.  (Tr. 501-512)  Accordingly, the ALJ concluded that plaintiff's

disability ended on June 21, 2012, and he had not become disabled again since that date. (Tr. 513)

IV.   *Plaintiff's Challenges*

Plaintiff seeks reversal of the Commissioner's decision on the following grounds: (1) the ALJ selectively read the record and used lay opinion to evaluate and diminish treating opinions and evidence; and (2) the ALJ failed to account for off-task and missed work limitations resulting in an RFC unsupported by substantial evidence.[4] (Dkt. No. 10-1 at 18-29)

A.   **Opinion Evidence**

Plaintiff first argues that the ALJ improperly afforded diminished weight to the opinions of his treating physicians, Joseph Riccione, D.O., and Karen Krutchick, M.D. (Dkt. No. 10-1 at 19-26)

As relevant here, Dr. Riccione opined that plaintiff would need to take two to three unscheduled breaks per day, for 20 minutes each, and also would miss four days or more of work per month. (Tr. 1245)  Dr. Krutchick partially completed a medical source statement, noting (but not opining) that plaintiff reported missing six or more days of work due to bacterial diseases requiring the use of antibiotics. (Tr. 495)  The ALJ determined that Dr. Riccione's opinion about plaintiff's absenteeism and need for additional breaks was not consistent with the record,[5] and gave little weight to Dr. Krutchick's overall opinion. (Tr. 510)

---

[4] The Court reminds counsel that it need not consider arguments made within footnotes. *See, e.g., Marnell v. Comm'r of Soc. Sec.*, No. 17-CV-6201, 2018 WL 3620152, at *10 n.6 (W.D.N.Y. July 30, 2018); *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014); *Primmer v. CBS Studios*, Inc., 667 F. Supp. 2d 248, 256 n.4 (S.D.N.Y. 2009).

[5] The ALJ gave partial weight to the remainder of the opinion as it was generally consistent with the totality of the evidence. (Tr. 510)

7

Contrary to plaintiff's assertion, the ALJ did consider Dr. Riccione's opinion, and Dr. Krutchick's statement, and evaluated the consistency of that evidence with the balance of the record evidence. (*See* Dkt. No. 10-1 at 20)  The ALJ explained that, while the treating physicians were acceptable medical sources and had longitudinal records, the issue of disability was reserved for the Commissioner, and the rejected portions of the opinions that were not consistent with the record, plaintiff's activities, and his conservative treatment. (Tr. 510)  Moreover, plaintiff is incorrect that "two treating doctors found that Plaintiff required some form of off-task and missed workdays." (Dkt. No. 10-1 at 20)  Dr. Krutchick's medical source statement did not assess an off-task limitation, but noted plaintiff's reports of absenteeism, indicating that plaintiff was new to the practice. (Tr. 494)

Plaintiff disagrees with the ALJ's treatment of the opinion evidence.  Although framed as a challenge to the ALJ's application of the legal standards, plaintiff essentially requests this Court to re-weigh the evidence before him.  It is well-settled that a reviewing court may not "'decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the [Commissioner].'" *Fanton v. Astrue*, No. 09-CV-6586, 2011 WL 282383, at *2 (W.D.N.Y. Jan. 25, 2011) (quoting *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014); *see also Fanton*, 2011 WL 282383, at *2 ("The Commissioner's findings are not subject to reversal merely because two inconsistent conclusions could be drawn from the evidence, so long as his particular finding is supported by substantial evidence."). The ALJ clearly articulated his reasons for the weight he assigned to opinions of record.

Specifically, he provided an explanation of why he discounted portions of certain opinions and cited the relevant evidence of record, including evidence of plaintiff's robust activities of daily living,[6] and improvement in symptomology with and without medication. (Tr. 510)

Likewise, the ALJ was not required to recontact Dr. Riccione for clarification. (Dkt. No. 10-1 at 21-22) The ALJ rejected Dr. Riccione's opinion about plaintiff's absenteeism and off-task limitations because that opinion was not consistent with the overall record. (Tr. 510) Plaintiff testified he could work, even when he was feeling unwell. (Tr. 528) He also engaged in a wide range of other activities, and the medical and education records showed improvement with and without treatment. (Tr. 510) The ALJ therefore properly discounted this portion of the opinion. *See Gonzalez v. Berryhill*, No. 17-CV-1809, 2018 WL 6616819, at *8 (D. Conn. Dec. 18, 2018) ("The ALJ was entitled to assign weight to the portion of the opinion that was consistent with the evidence of record . . . and to discount the portions of the opinion inconsistent with the overall record.") The ALJ also explicitly addressed and discussed all portions of Dr. Riccione's opinion. *Cf. Harvey v. Comm'r of Soc. Sec.*, No. 17-CV-6815, 2019 WL 1010449, at *4 (W.D.N.Y. Mar. 4, 2019) (ALJ had duty to seek clarification where the ALJ relied on "portions of [the treating physician's] report that supported [the] RFC determination," but "failed to account for the portions that did not.") In short, the evidence already in the record was sufficient for the ALJ "to make a determination as to disability." *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996).

---

[6] As observed by the ALJ, plaintiff's activities included caring for himself, preparing simple meals and household chores, visiting family and friends, using a computer/smartphone, using public transportation, practicing martial arts (kickboxing), completion of college, and working as a substitute teacher. (Tr. 506; 39, 233, 365, 536-41)

9

Finally, the Court rejects plaintiff's claims that the ALJ mischaracterized the record and substituted his lay opinion to reject the findings of the treating physicians, as he provides only a recitation of facts that he believes should lead to a different outcome. (Dkt. No. 10-1 at 22-24) *See Caron v. Colvin*, 600 Fed. Appx. 43, 44 (2d Cir. 2015) (observing that, under the substantial evidence standard, the fact that the evidence may arguably be reconciled to a claimant's favor is "not probative of anything"). Even if plaintiff identified evidence supporting a different conclusion, the Court must still affirm the ALJ's decision because it is supported by substantial evidence. See *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (presence of substantial evidence supporting a different conclusion does not establish reversible error). The Court reiterates that it may only evaluate whether substantial evidence supports the ALJ's decision; it is precluded from evaluating whether the evidence might support another conclusion. *See Bonet ex rel. T.B. v. Colvin*, 523 Fed. Appx. 58, 59 (2d Cir. 2013) (summary order) ("[W]hether there is substantial evidence supporting the [plaintiff's] view is not the question here; rather, we must decide whether substantial evidence supports the *ALJ's decision*.") (emphasis in original, citation omitted).

### B.     VE Testimony

Plaintiff also claims that his absences would affect his employability based on the VE's testimony that an individual who was off-task more than 15 percent of the time would be precluded from competitive work. The VE stated this in response to a hypothetical question posed by plaintiff's attorney. (Dkt. No. 10-1 at 27-29; *see* Tr. 545))

10

The ALJ in this case did not find such a limitation and therefore did not include it in the RFC.[7] (Tr. 505) Because the RFC was supported by substantial evidence, the Court rejects plaintiff's challenge to the VE testimony. *See Wavercak v. Astrue*, 420 Fed. Appx. 91, 95 (2d Cir. 2011) (summary order) ("[b]ecause we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject [plaintiff's] vocational expert challenge")).

Accordingly, the ALJ's decision is supported by substantial evidence and free of legal error.

---

[7] Plaintiff again argues that "both" of his treating doctors found that he would miss work "monthly" and therefore supports a finding of disability. (Dkt. No. 10-1 at 29) This is not an accurate characterization of the record, and to the extent that plaintiff seeks a reevaluation of the evidence before the ALJ, the Court declines to do so. *See Pellam v. Astrue*, 508 Fed. Appx. 87, 91 (2d Cir. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a more favorable standard of review.").

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is denied and the Commissioner's motion for judgment on the pleadings (Dkt. No. 14) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     March 9, 2021
           Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge